954 F.2d 720
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tony L. JONES, Plaintiff-Appellant,
v.
MANOR CARE, INCORPORATED; Manor Healthcare, Corporation;
Quality International, Incorporated, now known as Choice
Hotels International, Incorporated; Quality Inns,
Incorporated; Stewart Bainum, Jr.; John Riley; Charles
Shields; Steve Thompson; Linda G. Wittlin; John
Robertson; Lola Whitlock; Kenny Owings; Larry Ross,
Defendants-Appellees.
 No. 91-2742.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 3, 1992.
Decided Feb. 11, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-90-2546).
 Tony L. Jones, appellant pro se.
 Robert John Smith, Morgan, Lewis & Bockius, Washington, D.C., for appellees.
 D.Md.
 DISMISSED.
 Before WIDENER, HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tony L. Jones appeals from district court orders dismissing portions of his employment discrimination action and denying his request for a declaratory judgment. We dismiss the appeal for lack of jurisdiction because the orders are not appealable. This Court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (1988); Fed.R.Civ.P. 54(b); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). The orders here appealed are neither final orders nor appealable interlocutory or collateral orders.*
 
 
 2
 We dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 DISMISSED.
 
 
 
 *
 That portion of the district court's May 2, 1991 order which denied Jones's motion for a preliminary junction was appealable, but Jones's December 2, 1991 notice of appeal did not seek review of this ruling. In any event, however, Jones's appeal from this order was filed well outside the thirty-day appeal period established by Fed.R.App.P. 4(a)(1), and Jones did not obtain an extension of time for appealing within the additional thirty day period provided by Fed.R.App.P. 4(a)(5)